# EXHIBIT G



**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney*
*Eastern District of California*

*McGregor W. Scott*
*United States Attorney*

| | |
|---|---|
| 501 I Street, Suite 10-100 | Phone  916/554-2700 |
| Sacramento, CA 95814 | Fax      916/554-2900 |
| | TTD     916/554-2855 |

April 15, 2019

VIA ELECTRONIC MAIL

W. Donald Gieseke, Trustee
Stephen R. Harris, Esq.

    Re:    **(1) United States' Verified Complaint in Rem, Docket No.  (ECF No. 593 in case 19-50102-btb); and (2) Trustee's Motion for Order Authorizing Trustee to Operate Businesses by Renting Real Properties and Pay Ongoing Administrative Expenses Related Thereto Pursuant to 11 U.S.C. §§ 363(b)(1), 721 and 603 (ECF No. 539 in case 19-50102-btb)**

Dear Mr. Gieseke and Mr. Harris:

    Today the United States filed a forfeiture complaint in the U.S. District Court for the Eastern District of California against several real properties held by Jeff and Paulette Carpoff and entities under their control, including certain real property discussed in a motion you filed last week, referenced above, in the Double Jump bankruptcy case.  A copy of that forfeiture complaint was lodged today with the U.S. Bankruptcy Court for the District of Nevada in the Double Jump matter.

    The legal effect of the United States' forfeiture complaint is clear:  assets subject to forfeiture in U.S. District Court are not part of a bankruptcy estate.  See In re Thena, Inc., 190 B.R. 407, 412-13 (D. Or. 1995) (property that has been seized for forfeiture does not become part of bankruptcy estate).  This is especially true when the criminal acts forming the basis for forfeiture predate the bankruptcy filing and took place in the district where the government's forfeiture action was filed.  Indeed, in February 2019, Chief Judge Beesley observed this controlling law and rejected a motion by prior counsel for the Debtors to encumber real property subject to forfeiture in U.S. District Court in Sacramento.

    As we discussed by telephone last week, proceeds from liquidation of any seized assets ordered forfeited by the U.S. District Court must be preserved for distribution to the victims of the fraud and money laundering offenses alleged in the forfeiture complaint.  While you may disagree, the law is clear.  See United States v. Klein (In re Chapman), 264 B.R. 565 (9th Cir. BAP 2001) (holding forfeiture action not subject to automatic stay and recognizing "relation-back doctrine" removes property from bankruptcy estate).  See also In re VPH Pharmacy, Inc., 2018 WL 3574721, *3, Case

No. 18-11280 (E.D. Mich. 2018) ("[D]istrict courts, not bankruptcy courts, have original and exclusive jurisdiction over any action for the recovery or enforcement of any forfeiture.").

      We would have preferred to discuss the relief you sought in the U.S. Bankruptcy Court before you filed your motion last week, and sought an *ex parte* order to shorten time.  This is especially so in light of our earlier correspondence with Debtors' previous counsel and the former Corporate Restructuring Officer about our interest in preserving the value of the real property at issue for the fraud victims.  In that prior correspondence, which we delivered in January 2019, we included an attachment listing each property traceable to what the United States believes are proceeds of a criminal fraud scheme.

      In light of today's forfeiture complaints and clear, controlling law, you should withdraw your motion concerning any properties now under the jurisdiction of the U.S. District Court in Sacramento.

                                        Sincerely,

                                        McGREGOR W. SCOTT
                                        United States Attorney

                            By:  *André M. Espinosa*
                                        ANDRÉ M. ESPINOSA
                                        KEVIN KHASIGIAN
                                        Assistant United States Attorneys

cc: Office of the U.S. Trustee (by email to Nick.Strozza@usdoj.gov)