PAUL J. PASCUZZI, State Bar No. 148810
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Proposed Special Counsel for W. Donald Gieseke, Chapter 7
Trustee for the bankruptcy estates of Dora Dog
Properties LLC, Dog Blue Properties LLC, Brandy Boy
Properties LLC, 475 Channel Road LLC, Park Road LLC,
and 140 Mason Circle LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 5383 STONEHURST DRIVE, MARTINEZ, CALIFORNIA, CONTRA COSTA COUNTY, APN: 367-230-018-7, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ET AL.,<br><br>Defendants. | 2:19-CV-00636-JAM-DB<br><br>**OBJECTION TO UNITED STATES' EX PARTE APPLICATION FOR A RESTRAINING ORDER AND TO APPOINT THE UNITED STATES MARSHALS SERVICE TO MANAGE AND SELL THREE *IN REM* DEFENDANTS IN DEFAULT; REQUEST FOR HEARING** |

W. Donald Gieseke (hereinafter "Trustee"), the duly appointed Chapter 7 Trustee for the bankruptcy estates of Dora Dog Properties, LLC; Dog Blue Properties, LLC; Brandy Boy Properties, LLC; 475 Channel Road, LLC; Park Road, LLC; and 140 Mason Circle, LLC (collectively "LLC Debtors") hereby files his objection to and request for hearing on ("Objection") the United States' Ex Parte Application for a Restraining Order and to Appoint the United States Marshals Service to Manage and Sell Three *In Rem* Defendants in Default filed on May 14, 2019 ("Application").

By this Objection, the Trustee requests the Court to defer any ruling on the Application until the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court"), before

which the LLC Debtors' bankruptcy cases are pending, has the opportunity to rule on the Trustee's pending motion ("Stay Motion") to determine whether the automatic stay covers this lawsuit ("Forfeiture Action"). The Stay Motion is set for hearing on May 30, 2019. In the alternative, the Trustee requests that the Court set a briefing schedule and hearing on the Application.

**A. No Prior Determination Regarding Whether the Automatic Stay Applies to the Forfeiture Action Has Been Made by the Bankruptcy Court**

Contrary to the representation made by the United States in the Application, the Bankruptcy Court has not concluded that the Forfeiture Action is not covered by the automatic stay. Application at 9:12-14. The only motion seeking such a determination is the Stay Motion that is set for hearing on May 30, 2019. The Bankruptcy Court's comments on which the United States relies in its Application were made very early in the bankruptcy case at a hearing on motions that are typically heard on or near the first day of a bankruptcy case. With respect to the LLC Debtors, the United States had just filed another forfeiture action on the same day as the Bankruptcy Court hearing and the bankruptcy judge was essentially giving an advisory opinion based on very few facts that had been presented to him at the hearing and little briefing. More importantly, no order or finding has been entered by the Bankruptcy Court with respect to the Forfeiture Action determining that the automatic stay is inapplicable to either of the forfeiture actions filed by the United States with respect to the LLC Debtors. Such a determination is the subject of the Stay Motion and is set for hearing on May 30, 2019.

Under Ninth Circuit authority, if the automatic stay applies to the Forfeiture Action, any acts taken by the United States and this court with respect to the Forfeiture Action are void *ab initio*. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Accordingly, consideration of the Application should be delayed until after the Bankruptcy Court has decided the Stay Motion.

**B. The Application Ignores Binding Ninth Circuit Authority Holding That the Automatic Stay Applies to the Forfeiture Action**

The Application asserts that the Ninth Circuit Bankruptcy Appellate Panel ("BAP")

decision of *United States v. Klein (In re Chapman)*, 264 B.R. 565 (B.A.P. 9th Cir. 2001), is "binding precedent for over fifteen years" and that the Trustee challenged *Chapman* in the Trustee's "zeal to exert control[.]" Application at 8:24-26. Such is not the case. The Trustee has challenged *Chapman* because, contrary to the assertions of the United States, BAP opinions are not binding precedent. Rather, opinions of the BAP are treated as the equivalent of district court decisions for precedential purposes. *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990).

*Chapman* has not been cited or followed by the Ninth Circuit Court of Appeals in subsequent decisions addressing the scope of the automatic stay under 11 U.S.C. § 362(b)(4). The Trustee also alleges that the facts in *Chapman* distinguish it from this case. For example, in *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005), the Ninth Circuit stated that a lawsuit filed by the government "does not satisfy the 'public purpose' test if it is brought primarily to advantage discrete and identifiable individuals or entities rather than some broader segment of the public." *Id.* at 1109 (citation omitted). Here, the Forfeiture Action is brought only on behalf of any "victims" of the LLC Debtors' alleged fraudulent activities and is contrary to the narrow exception for 11 U.S.C. § 362(b)(4) as set forth in Ninth Circuit authority. *Accord City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1124 n.9 (9th Cir. 2006) (11 U.S.C. § 362(b)(4) "is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor, or property of the estate." (Quotations and citation omitted)).

Because, in the Application, the United States ignores controlling and binding Ninth Circuit authority that does not permit the relief requested in the Application, the Application should be denied.

**C.   The Real Properties That Are the Subject of the Application Remain Property of the LLC Debtors' Estates and Are Being Preserved**

Although the United States has initiated the Forfeiture Action, any property subject to that action does not vest in the government until the United States successfully obtains a forfeiture

judgment, which it has not done to date. *United States v. 92 Buena Vista Ave.*, 507 U.S. 111 (1993). Once there is a forfeiture judgment in favor of the United States, then the properties that are subject to the forfeiture action would relate back and vest in the government as of the date of the alleged unlawful activities. *Id*.

Title 28, U.S.C. Section 1334(e) provides that the district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case, and all property of the estate. 11 U.S.C. § 1334(e).

Here, there is no judgment in the Forfeiture Action awarding properties to the United States, so the properties that are subject to the Forfeiture Action should remain in the LLC Debtors' bankruptcy estates. While there is a motion for relief from stay with respect to the commercial property located at 473, 475 and 477 East Channel Road, Benicia, California 94510 ("Property"), the Trustee has filed an opposition to that motion on the basis that there is at least $600,000 in equity in the Property based on representations from a real estate broker familiar with the Property and a letter of intent for the purchase of the Property for $2.2 million. A hearing on that motion was held on May 15, 2019, at which time the Bankruptcy Court denied relief from stay, other than for the limited purpose of allowing the lender to inspect and secure the Property as may be necessary. To the extent that the Property is sold as requested by the United States in the Application, it is best for the Property to be sold through a Chapter 7 trustee and pursuant to the requirements of the Bankruptcy Code to maximize the value of the Property and not pursuant to the Application.[1]

**D.   The Carpoffs Have No Authority to Act on Behalf of the LLC Debtors**

To the extent that the United States contends that a stipulation between the United States and Jeffrey and Paulette Carpoff (signed by the Carpoffs on May 6, 2019) grants the United States the authority to enter into a final order of forfeiture of real property that is owned by the

---

[1] The Bankruptcy Code and Bankruptcy Court are well equipped to efficiently and effectively administer property of the estate for the benefit of the creditors/victims in this case, with due and proper notice to all parties in interest. *See, e.g.,* sections 363(b) and (f) of the Bankruptcy Code allowing a trustee to sell property of the estate free and clear of interests after notice and a hearing.

OBJECTION TO APPLICATION
FOR RESTRAINING ORDER

LLC Debtors and is the subject of the Forfeiture Action, the Carpoffs have no such authority. A Chapter 7 trustee was appointed prior to that date for Dora Dog Properties LLC, Dog Blue Properties LLC, Brandy Boy Properties LLC, 140 Mason Circle LLC and Park Road LLC. W. Donald Gieseke, the duly appointed Trustee, is the only person authorized to act on behalf of the LLC Debtors. *See* 11 U.S.C. § 323.

**E. There Is No Need to Have the Application Heard on an Ex Parte Basis**

Finally, the Application provides no basis for the request to be granted on an ex parte basis. The Trustee is properly administering the LLC Debtors pursuant to his fiduciary duties under the Bankruptcy Code. The Bankruptcy Code permits the Trustee to sell property only after notice and a hearing. To date, the Trustee has not filed a motion to sell any of the properties that are the subject of the Forfeiture Action. If such a motion were filed, the United States would receive notice.

If the Court does not deny the Application in full, the Trustee requests that the Court set a schedule for additional briefing on the Application and set a hearing on the Application sometime after May 30, 2019.

WHEREFORE, for the foregoing reasons, the Trustee requests that the Court defer a ruling on the Application until after the Bankruptcy Court has ruled on the Stay Motion or, in the alternative, set the Application for hearing after May 30, 2019, and set a schedule for additional briefing on the Application.

Dated: May 16, 2019

        FELDERSTEIN FITZGERALD
        WILLOUGHBY & PASCUZZI LLP

        By:*/s/ Paul J. Pascuzzi*_____
        PAUL J. PASCUZZI
        Attorneys for W. Donald Gieseke, Chapter 7
        Trustee for the bankruptcy estates of Dora Dog
        Properties LLC, Dog Blue Properties LLC, Brandy
        Boy Properties LLC, 475 Channel Road LLC, Park
        Road LLC, and 140 Mason Circle LLC

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2019, a true and correct copy of the foregoing Objection to United States' Ex Parte Application for a Restraining Order and to Appoint the United States Marshals Service to Manage and Sell Two *In Rem* Defendants in Default was sent via ECF noticing to all parties receiving ECF Notices in this case.

*/s/ Lori N. Lasley*
Lori N. Lasley