MCGREGOR W. SCOTT
United States Attorney
ANDRE M. ESPINOSA
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 5383 STONEHURST DRIVE, MARTINEZ, CALIFORNIA CONTRA COSTA COUNTY, APN: 367-230-018-7, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ET AL.,<br><br>　　　　Defendants. | 2:19-CV-00636-JAM-DB<br><br>P~~ROPOSED~~ ORDER |

## POST COMPLAINT RESTRAINING ORDER

The United States has made an ex parte application to this Court, pursuant to 18 U.S.C. § 983(j)(1)(A), for a restraining order to preserve the availability of the *In Rem* Defendants that are subject to forfeiture in the above-styled civil forfeiture action. In particular, the United States requests an order to a restrain and enjoin the sale, pledge, transfer or any other means of disposing, controlling, or encumbering the *In Rem* Defendants by any person or entity, and any other action that would allow or cause the *In Rem* Defendants to diminish in value. The United States also requests an order appointing the United States Marshals Service to maintain and sell *In Rem* Defendants 2750 Maxwell Way, 4021 Pike Lane, and 473-475-477 E. Channel Road, and to return any net proceeds to this case as substitute *res* for final adjudication by this Court.

1

Proposed Order

Based upon the United States' application and the filing of the civil forfeiture complaint, and for good cause shown, it is hereby,

**ORDERED, ADJUDGED AND DECREED THAT:**

Effective immediately, any and all persons and entities are hereby **RESTRAINED, ENJOINED AND PROHIBITED**, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability or value of the subject property, including but not limited to controlling, withdrawing, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, or in any way disposing of, diminishing the value of, or removing from the jurisdiction of the Eastern District of California, all or any part of their interest, direct or indirect, in the following property:

a. 5383 Stonehurst Drive, Martinez, California;
b. 14 Goree Court, Martinez, California;
c. 180 Midhill Road, Martinez, California;
d. 186 Farm Lane, Martinez, California;
e. 315 Summerhill Lane, Martinez, California;
f. 815 Sunset Drive, Antioch, California;
g. 1062 Mohr Lane, Unit C, Concord, California;
h. 4021 Pike Lane, Concord, California;
i. 4800 Blum Road, Unit 1, Martinez, California;
j. 4808 Blum Road, Unit 2, Martinez, California;
k. 2750 Maxwell Way, Fairfield, California;
l. 84 Carolina Cherry Drive, Las Vegas, Nevada;
m. 472-475-477 E. Channel Road, Benicia, California;
n. Lot 51-80 Park Road, Benicia, California.

**IT IS FURTHER ORDERED**, that the United States or any subject of this order may seek modifications of this order if it is deemed necessary by them to preserve their interest in the subject property.

**IT IS FURTHER ORDERED** that the Department of Justice or its designee shall serve a copy of this restraining order this same date upon the Chapter 7 trustee for the DC Solar bankruptcy and the Chapter 7 Trustee for the LLCs holding title to the *In Rem* Defendants.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall maintain and sell

the *In Rem* Defendants 2750 Maxwell Way, 4021 Pike Lane, and 473-475-477 E. Channel Road and, through the U.S. Attorney's Office in the Eastern District of California, file with this Court monthly written updates concerning the management and sale of the *In Rem* Defendants 2750 Maxwell Way, 4021 Pike Lane, and 473-475-477 E. Channel Road.

**IT IS FURTHER ORDERED** that, upon the sale of *In Rem* Defendants 2750 Maxwell Way, 4021 Pike Lane, and 473-475-477 E. Channel Road, the United States Marshals Service shall retire any valid encumbrances and associated reasonable fees and deposit with the Court any net proceeds pending the resolution of the Forfeiture Action.

**THIS RESTRAINING ORDER** shall remain in full force and effect until further order of this Court.

**IT IS SO ORDERED.**

Dated: MAY 16, 2019

JOHN A. MENDEZ
United States District Judge