Malcolm Segal (SBN 075481)
Emily E. Doringer (SBN 208727)
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA 95814
Telephone: (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com
edoringer@segal-pc.com

Attorneys for Claimants
JEFFREY AND PAULETTE CARPOFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 5383 STONEHURST DRIVE, MARTINEZ, CALIFORNIA, CONTRA COSTA COUNTY, APN: 367-230-018-7, ET AL.,<br><br>Defendants. | Case No: 2:19-CV-00636-JAM-DB<br><br>**NON-OPPOSITION TO UNITED STATES' MOTION FOR APPROVAL OF COORDINATION AGREEMENT BETWEEN THE UNITED STATES AND CHAPTER 7 BANKRUPTCY TRUSTEES**<br><br>Date: December 10, 2019<br>Time: 1:30 p.m.<br>Crtrm: 6, 14th Floor |

Claimants Jeff and Paulette Carpoff agree that it is in the best interests of all parties concerned (including the various corporations who purchased Mobile Solar Generators from DC Solar Solutions through LLC entities in which they participated and invested) to remove the uncertainty regarding at least a portion of the properties which have been the subject of dispute between the government and the two bankruptcy trustees.

-1-

From the inception of the litigation, Mr. and Mrs. Carpoff have extensively cooperated with the United States Attorney's Office and the FBI, and acted for the benefit of investors, with respect to those properties and other items seized and made the subject of forfeiture actions in the Eastern District of California. As early as May of 2019, with respect to the forfeiture complaint in 2:19-CV-00247-JAM-DB, while denying any liability for the conduct alleged in the Complaint and the attached declaration of an FBI Special Agent, the Carpoffs agreed that the assets listed therein be forfeited and sold "in the interests of making the net proceeds of the sale of the assets available to any of the various investment groups who may claim to have suffered a financial loss as the result of the actions described in the Complaint … ."[1]

Earlier, Mr. and Mrs. Carpoff had attempted to save their businesses through Chapter 11 proceedings and the appointment of a Chief Restructuring Officer. As the United States Attorney has stated in the instant motion, they offered their personal real estate properties as collateral to secure debtor in possession financing; those efforts eventually failed when the forfeiture action was filed. The resulting inability to secure financing led to the conversion of the Chapter 11 filing to a Chapter 7 bankruptcy and the appointment of the two

---

[1] Similarly, in case number 2:19-MC-00053-TLN-CKD, Jeff and Paulette Carpoff agreed to the forfeiture and sale of well over a hundred motor vehicles purchased by them as investment collector cars that had been seized or voluntarily relinquished by them to the government, pursuant to a stipulated Consent Judgement of Forfeiture. The agreed upon language stated: "Without admitting the truth of the factual assertions contained in this stipulation, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and in the interests of making the net proceeds of the sale of the assets available to any of the various investment groups who may claim to have suffered a financial loss as the result of the actions described in United States v. Approximately $6,567,897.50 Seized from CTBC Bank, et al., 2:19-CV-000485-JAM-DB" they agree to the sale and forfeiture. That voluntary action by the claimants resulted in the turnover of over eight million dollars for the benefit of investors and was significant enough to warrant the involvement and personal statement of the United States Attorney for the Eastern District of California, discussing the fact that the sale would benefit the investors, or that the proceeds revert to Mr. and Mrs. Carpoff should the case not result in their conviction.

bankruptcy trustees, one for the estate of the DC Solar entities and the other for their investment properties. When a dispute arose between the trustees and the government concerning their respective authority to control the properties, this Court resolved that jurisdictional dispute in its ruling contained in the Post Complaint Restraining Order, finding that the District Court has jurisdiction over the properties in dispute. (Dkt. #32).

The United States Attorney and the trustees have now agreed to a division of the properties for administrative purposes and a final relinquishment of their respective claims, vis a vis one another and with respect to the properties, by specifically listing them in attachments to the motion. <u>However, as reflected in the proposed Order, the United States Attorney and the trustees explicitly have not purported to determine</u>: the ownership of the properties; any as yet unresolved rights to the properties or to the proceeds of their sale; or the outcome of any claims that the properties are not properly the subject of forfeiture actions, or are not properly within the jurisdiction of either of the bankruptcy estates. Thus, with the above understanding, and while expressly preserving their rights to dispute forfeiture as to assets which have not yet been the subject of a stipulation and to dispute the ownership and claims made by the bankruptcy trustees for properties included on the lists attached to the motions, Paulette and Jeff Carpoff do not oppose the Coordination Agreement set forth in the motion before Court this court.

Dated: November 22, 2019           Respectfully submitted,

                                             **SEGAL & ASSOCIATES, LLC**

                                             By:    /s/ Malcolm Segal
                                                            Malcolm Segal
                                                            Counsel for Jeffrey and Paulette Carpoff

NON-OPPOSITION TO UNITED STATES MOTION FOR APPROVL OF COORDINATION AGREEMENT