MCGREGOR W. SCOTT
United States Attorney
ANDRE M. ESPINOSA
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CV-00636-JAM-DB |
| Plaintiff, | |
| v. | MOTION FOR APPROVAL OF STIPULATION FOR FINAL JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED AT 5383 STONEHURST DRIVE, MARTINEZ, CALIFORNIA CONTRA COSTA COUNTY, APN: 367-230-018-7, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ET AL, | Date: February 25, 2020<br>Time: 1:30 p.m.<br>Ctrm: 6, 14th Floor |
| Defendants. | |

## I. INTRODUCTION

The United States of America, by its attorneys, McGregor W. Scott, United States Attorney for the Eastern District of California, and Andre M. Espinosa and Kevin C. Khasigian, Assistant United States Attorneys, hereby move for Court approval of a Stipulation for Final Judgment of Forfeiture (hereinafter "Forfeiture Agreement") as to each *In Rem* Defendant in the case. The Agreement resolves the dispute between the United States and Jeff and Paulette Carpoff, the only parties to have asserted an ownership interest in the *In Rem* Defendants. Several creditors have filed claims for unpaid construction work and HOA dues, and the government will retire those liens using the sale proceeds of each property. Accordingly, the *In Rem* Defendants set forth below should be forfeited, at which time the United States

1

Motion for Court Approval of Stipulation for Final
Judgment of Forfeiture

will commence efforts to sell each property and then address victim loss through the restitution process. A copy of the signed Forfeiture Agreement is attached as Exhibit A.

## II. SUMMARY OF ASSETS TO BE FORFEITED

Jeff and Paulette Carpoff, individually and through their alter ego LLCs. have agreed to forfeit the remaining 12 *In Rem* Defendants in the case. The government initially sought forfeiture of 14 properties connected to the DC Solar fraud, but two properties were dismissed pursuant to the Coordination Agreement with the Chapter 7 Trustees entered by this Court in November 2019. *See* Dkt. 49-51. Accordingly, there are presently 12 *In Rem* Defendants in this case, and the Carpoffs have agreed to forfeit their interest in each property. Those properties are:

1. 5383 Stonehurst Drive, Martinez, California, Contra Costa County, APN: 367-230-018-7;
2. 14 Goree Court, Martinez, California, Contra Costa County, APN: 380-231-010-6;
3. 180 Midhill Road, Martinez, California, Contra Costa County, APNs: 161-280-005-0 & 161-280-034-0;
4. 186 Farm Lane, Martinez, California, Contra Costa County, APN: 377-280-041-7;
5. 315 Summerhill Lane, Martinez, California, Contra Costa County, APN: 367-240-008-6;
6. 1062 Mohr Lane, Unit C, Concord, California, Contra Costa County, APN: 147-401-003-8;
7. 4021 Pike Lane, Concord, California, Contra Costa County, APN: 159-382-012-7;
8. 4800 Blum Road, Unit 1, Martinez, California, Contra Costa County, APN: 159-400-001-8;
9. 4808 Blum Road, Unit 2, Martinez, California, Contra Costa County, APN: 159-400-002-6;
10. 2750 Maxwell Way, Fairfield, California, Solano County, APN: 028-230-150;
11. 84 Carolina Cherry Drive, Las Vegas, Nevada, Clark County, APN: 191-07-510-061; and
12. 473-475-477 E. Channel Road, Benicia, California, Solano County, APN: 0080-250-430-1.

## III. BACKGROUND

On April 15, 2019, the United States filed a civil forfeiture complaint *in rem* against fourteen real properties ("*In Rem* Defendants") connected to fraud and money laundering crimes in the Eastern District of California and other areas. The *In Rem* Complaint resulted from an investigation that went overt on December 18, 2018 when law enforcement agents executed a federal search warrant at the business location of DC Solar, a solar equipment company with its principal place of business in the

2

Eastern District of California. As explained in various court filings in this matter and elsewhere, DC Solar was operated as a Ponzi-like scheme eclipsing at least $1 billion in loss.

Following the filing of the *In Rem* Complaint, the United States commenced its efforts to notify potential claimants of the forfeitures, including serving the complaint on the five LLCs holding title to the properties and the owners of those entities, Jeffrey and Paulette Carpoff. The United States also provided notice of this action to lienholders and lodged the complaints on the bankruptcy docket for DC Solar's parent company, In re Double Jump Inc., Case 19-bk-50102. Furthermore, public notice on the official internet government forfeiture site, www.forfeiture.gov, began on May 4, 2019, and ran for thirty consecutive days, as required by Rule G(4)(a)(iv)(C) of Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See* Dkt. 4, 40. Additionally, the United States has posted copies of the complaints on many of the properties and filed the restraint of a *lis pendens* against each of the *In Rem* Defendants. *See* Dkt. 5-35.

Several parties have so far appeared in the case, but only the Carpoffs—individually and through their LLCs—have filed claims of ownership, and they have now forfeited their interests. One of the claims filed in this Action—by Daysh Development—corresponds to unpaid construction costs, which the United States will retire from the proceeds of each property sale. The Franchise Tax Board has file a claim for alleged unpaid taxes, and the government will work with that state entity on the appropriate resolution. Lastly, CTBC Bank filed a claim concerning outstanding loans as relates to two *In Rem* Defendants (*2750 Maxwell Way and 4021 Pike Lane*), which have been sold by the U.S. Marshals Service. The government will work with CTBC to withdraw their claims prior to the hearing on this motion.

At least two potential claimants have requested additional time to file their claims, and the United States has accommodated each request. Those extensions expire in early February 2020.

### IV. REQUEST TO THE COURT

The Forfeiture Agreement closes out the ownership of the only party to file a claim to the *In Rem* Defendants, while providing nothing for the architects of the fraud. First, the Agreement prioritizes victim recovery, as United States can now liquidate the properties and immediately address the victims' interests in accordance with the provisions of 28 C.F.R. Part 9. Second, no other party has filed a claim

3
Motion for Court Approval of Stipulation for Final
Judgment of Forfeiture

to these assets and no claim is expected from the Chapter 7 Trustees, who previously alleged a potential interest in the assets through a bankruptcy proceeding in Reno, Nevada.  Third, while the California real estate market has experienced a recent upswing in value, its continued strength is uncertain, and the United States believes a sale in the coming months will result in liquidating the remaining *In Rem* Defendants when their value is highest.  The recent sales of *In Rem* Defendants 773-475-477 E. Channel Road and 4021 Pike Lane are illustrations of this strategy as each of those sales eclipsed appraised values and totaled millions of dollars in net equity that we hope to administer soon through the restitution process.  Fourth, many of the properties are vacant houses and/or located in cold-weather cities, resulting in higher costs for property management and building maintenance.  Such costs cannot be recaptured and therefore erode net equity available for victims.  Fifth, some of the properties are subject to growing liens for unpaid construction costs and other taxes and fees.  These items were furnished to the property, or due and owing to a local taxing authority, and should be resolved and paid.

Lastly, this motion will serve as final notice to those potential claimants that have received an extension to their filing deadlines.

For these reasons, the United States respectfully requests this Court enter a Final Judgment of Forfeiture as to each of the *In Rem* Defendants in this case.

Date:   1/27/2020                    MCGREGOR W. SCOTT
                                     United States Attorney

                            By:   /s/ Kevin C. Khasigian
                                  ANDRE M. ESPINOSA
                                  KEVIN C. KHASIGIAN
                                  Assistant U.S. Attorney

4