MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
ANDRE M. ESPINOSA
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CV-00636-JAM-DB |
| Plaintiff, | |
| v. | PARTIAL FINAL JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED AT 5383 STONEHURST DRIVE, MARTINEZ, CALIFORNIA CONTRA COSTA COUNTY, APN: 367-230-018-7, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 14 GOREE COURT, MARTINEZ,  CALIFORNIA, CONTRA COSTA COUNTY, APN: 380-231-010-6, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 180 MIDHILL ROAD, MARTINEZ, CALIFORNIA CONTRA COSTA COUNTY, APN(S): 161-280-005-0 AND 161-280-034, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 186 FARM LANE, MARTINEZ, CALIFORNIA CONTRA COSTA COUNTY, APN: 377-280-041-7, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |

REAL PROPERTY LOCATED AT 315 SUMMERHILL LANE, MARTINEZ, CALIFORNIA CONTRA COSTA COUNTY, APN: 367-240-008-6, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 815 SUNSET DRIVE, ANTIOCH, CALIFORNIA CONTRA COSTA COUNTY, APN: 068-100-044-4, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 1062 MOHR LANE, UNIT C, CONCORD, CALIFORNIA, CONTRA COSTA COUNTY, APN: 147-401-003-8, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 4021 PIKE LANE, CONCORD, CALIFORNIA, CONTRA COSTA COUNTY, APN: 159-382-012-7, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 4800 BLUM ROAD, UNIT 1, MARTINEZ, CALIFORNIA CONTRA COSTA COUNTY, APN: 159-400-001-8, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 4808 BLUM ROAD, UNIT 2, MARTINEZ, CALIFORNIA CONTRA COSTA COUNTY, APN: 159-400-002-6, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 2750 MAXWELL WAY, FAIRFIELD, CALIFORNIA SOLANO COUNTY, APN: 028-230-150, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 84 CAROLINA CHERRY DRIVE, LAS VEGAS, NEVADA, CLARK COUNTY, APN: 191-07-510-061, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 473-475-477 E. CHANNEL ROAD, BENICIA, CALIFORNIA SOLANO COUNTY, APN: 0080-250-430-01, INCLUDING ALL APPURTENANCES AND  IMPROVEMENTS THERETO, and

REAL PROPERTY LOCATED AT LOT 51-80
PARK ROAD, BENICIA, CALIFORNIA,
SOLANO COUNTY, APN: 0080-060-420,
INCLUDING ALL APPURTENANCES AND
IMPROVEMENTS THERETO,

Defendants.

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.      This is a civil action *in rem* brought by the United States for forfeiture of real properties connected to a claim of fraud and money laundering.  The *In Rem* Defendants in this action are set forth below, but this stipulation for final judgment of forfeiture pertains to only a portion of the properties, as explained herein.

a.      Real property at 5383 Stonehurst Drive, Martinez, California, Contra Costa County, APN: 367-230-018-7, including all appurtenances and improvements thereto, and more fully described in Exhibit A attached hereto and incorporated herein by reference;

b.      Real property at 14 Goree Court, Martinez, California, Contra Costa County, APN: 380-231-010-6, including all appurtenances and improvements thereto, and more fully described in Exhibit B attached hereto and incorporated herein by reference;

c.      Real property at 180 Midhill Road, Martinez, California, Contra Costa County, APNs: 161-280-005-0 & 161-280-034-0, including all appurtenances and improvements thereto, and more fully described in Exhibit C attached hereto and incorporated herein by reference;

d.      Real property at 186 Farm Lane, Martinez, California, Contra Costa County, APN: 377-280-041-7, including all appurtenances and improvements thereto, and more fully described in Exhibit D attached hereto and incorporated herein by reference;

e.      Real property at 315 Summerhill Lane, Martinez, California, Contra Costa County, APN: 367-240-008-6, including all appurtenances and improvements thereto, and more fully described in Exhibit E attached hereto and incorporated herein by reference;

f.      Real property at 815 Sunset Drive, Antioch, California, Contra Costa County, APN: 068-100-044-4, including all appurtenances and improvements thereto, and more fully described in Exhibit F attached hereto and incorporated herein by reference;

g.      Real property at 1062 Mohr Lane, Unit C, Concord, California, Contra Costa County, APN: 147-401-003-8, including all appurtenances and improvements thereto, and more fully described

3

in Exhibit G attached hereto and incorporated herein by reference;

h.      Real property at 4021 Pike Lane, Concord, California, Contra Costa County, APN: 159-382-012-7, including all appurtenances and improvements thereto, and more fully described in Exhibit H attached hereto and incorporated herein by reference;

i.      Real property at 4800 Blum Road, Unit 1, Martinez, California, Contra Costa County, APN: 159-400-001-8, including all appurtenances and improvements thereto, and more fully described in Exhibit I attached hereto and incorporated herein by reference;

j.      Real property at 4808 Blum Road, Unit 2, Martinez, California, Contra Costa County, APN: 159-400-002-6, including all appurtenances and improvements thereto, and more fully described in Exhibit J attached hereto and incorporated herein by reference;

k.      Real property at 2750 Maxwell Way, Fairfield, California, Solano County, APN: 028-230-150, including all appurtenances and improvements thereto, and more fully described in Exhibit K attached hereto and incorporated herein by reference

l.      Real property at 84 Carolina Cherry Drive, Las Vegas, Nevada, Clark County, APN: 191-07-510-061, including all appurtenances and improvements thereto, and more fully described in Exhibit L attached hereto and incorporated herein by reference;

m.     Real property at 473-475-477 E. Channel Road, Benicia, California, Solano County, APN: 0080-250-430-1, including all appurtenances and improvements thereto, and more fully described in Exhibit M attached hereto and incorporated herein by reference; and

n.      Real property at Lot 51-80 Park Road, Benicia, California, Solano County, APN: 0080-060-420, including all appurtenances and improvements thereto, and more fully described in Exhibit N attached hereto and incorporated herein by reference (hereafter, collectively, "defendant properties").

The record owners of In Rem Defendants (a), (b), (d), (e), (i) and (k) are Jeffrey Carpoff and Paulette Carpoff; the record owner of defendant property (c) is Dora Dog Properties, LLC; the record owner of defendant properties (f) and (h) is Dog Blue Properties, LLC; the record owner of defendant property (g) is 4021 Pike Lane, LLC; the record owner of defendant property (j) is 2750 Maxwell Way, LLC; the record owner of defendant property (l) is 475 Channel Road, LLC. All of the companies listed above were formed and are owned by Jeffrey Carpoff and Paulette Carpoff.

2.      A Verified Complaint for Forfeiture *In Rem* was filed on April 15, 2019.  An *Amended* Complaint for Forfeiture *In Rem* was filed on April 18, 2019 (hereafter "Complaint"). The complaint

Partial Final Judgment of Forfeiture

alleged that the defendant properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C).

3.    The *In Rem* Defendants were posted with a copy of the Complaint and Notice of Complaint.

4.    Beginning on May 4, 2019, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on July 12, 2019.

5.    In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities:

    a.    DC Solar and its entities,
    b.    Jeffrey Carpoff,
    c.    Paulette Carpoff,
    d.    CTBC Bank Corp.,
    e.    Heritage Bank of Commerce,
    f.    Loan Oak Fund, LLC,
    g.    Franchise Tax Board, and
    h.    Department of Revenue – Internal Revenue Service.d

6.    On May 9, 2019, Jeffrey and Paulette Carpoff filed claims asserting an interest in *each In Rem* Defendant, in their personal capacity and on behalf of entities they control.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7.    Judgment is hereby entered against claimants Jeffrey and Paulette Carpoff, and all other potential claimants who have not filed claims in this action.

8.    All right, title, and interest of Jeffrey Carpoff and Paulette Carpoff, Dora Dog Properties, LLC, Dog Blue Properties, LLC, 4021 Pike Lane, LLC, 2750 Maxwell Way, LLC, and 475 Channel Road, LLC in the following In Rem Defendants shall be forfeited to the United States pursuant to 18 U.S.C §§ 981(a)(1)(A) and 981(a)(1)(C), to be disposed of according to law:[1]

    ///

---

[1] The United States and the Chapter 7 Trustees for the entities related to DC Solar and its principals have since entered a Coordination Agreement concerning the *In Rem* Defendants and other assets connected to DC Solar and its principals.  An order approving the Coordination Agreement was entered in late November 2019, resulting in the dismissal of two *In Rem* Defendants from this case.  Accordingly, there are presently twelve *In Rem* Defendants in this case.  *See* Dkt. 51.  Under the Coordination Agreement, Chapter 7 Trustees have agreed not to file claims to these *In Rem* Defendants.

Partial Final Judgment of Forfeiture

i.  Real property at 5383 Stonehurst Drive, Martinez, California, Contra Costa County, APN: 367-230-018-7;

ii.  Real property at 14 Goree Court, Martinez, California, Contra Costa County, APN: 380-231-010-6;

iii.  Real property at 180 Midhill Road, Martinez, California, Contra Costa County, APNs: 161-280-005-0 & 161-280-034-0;

iv.  Real property at 186 Farm Lane, Martinez, California, Contra Costa County, APN: 377-280-041-7;

v.  Real property at 315 Summerhill Lane, Martinez, California, Contra Costa County, APN: 367-240-008-6;

vi.  Real property at 1062 Mohr Lane, Unit C, Concord, California, Contra Costa County, APN: 147-401-003-8;

vii.  Real property at 4021 Pike Lane, Concord, California, Contra Costa County, APN: 159-382-012-7;

viii.  Real property at 4800 Blum Road, Unit 1, Martinez, California, Contra Costa County, APN: 159-400-001-8;

ix.  Real property at 4808 Blum Road, Unit 2, Martinez, California, Contra Costa County, APN: 159-400-002-6;

x.  Real property at 2750 Maxwell Way, Fairfield, California, Solano County, APN: 028-230-150;

xi.  Real property at 84 Carolina Cherry Drive, Las Vegas, Nevada, Clark County, APN: 191-07-510-061; and

xii.  Real property at 473-475-477 E. Channel Road, Benicia, California, Solano County, APN: 0080-250-430-1.

9.  Upon entry of the Final Judgment of Forfeiture, for those properties not already sold the U.S. Marshals Service (or a designee) shall list the *In Rem* Defendants for sale.[2]  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant properties.

a.  The U.S. Marshals Service shall have the *In Rem* Defendants appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the *In Rem* Defendants and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

---

[2] The U.S. Marshals have sold *In Rem* Defendants 2750 Maxwell Way and 4021 Pike Lane, *see* Dkt. 32, and those proceeds would be forfeited pursuant to this stipulation.

Partial Final Judgment of Forfeiture

   b. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the defendant properties.

   c. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

     i. The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

     ii. Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Partial Final Judgment of Forfeiture.

     iii. A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

     iv. The seller shall pay any county transfer taxes.

     v. Any other valid liens and encumbrances filed on title against any of the *In Rem* Defendants. The United States may pay any such lien or encumbrance at its sole discretion.

     vi. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

   d. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

  10. The United States will receive the remaining net proceeds from the sale of the *In Rem* Defendants forfeited under this stipulation.  All right, title, and interest in said funds shall be substituted for those properties and forfeited to the United States pursuant to 18 U.S.C §§ 981(a)(1)(A) and 981(a)(1)(C), to be disposed of according to law.

  11. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, as well as those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

12.     Claimant waives any and all claim or right to interest that may have accrued on the money being forfeited in lieu of the defendant property.

13.     All parties are to bear their own costs and attorneys' fees, if any.

14.     The U.S. District Court for the Eastern District of California, Hon. John A. Mendez, District Judge, shall retain jurisdiction to enforce the terms of this Partial Final Judgment of Forfeiture.

15.     Based upon the allegations set forth in the Complaint filed April 15, 2019, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, and for the commencement and prosecution of this forfeiture action.

SO ORDERED THIS_____day of _____, 2020.


_____
JOHN A. MENDEZ
United States District Judge

1

2

**EXHIBIT A**

**Real Property Located at 5383 Stonehurst Drive, Martinez, California**

Parcel One:
Lot 25, as shown on the map of subdivision 7091, filed April 26, 1991, in Book 356 of Maps, Page 25, contra costa county records and amended by certificate of correction recorded August 25, 1993, Book 18876, Page 542.

Parcel Two:
An easement (not to be exclusive) as an appurtenance to parcel one, above, and any subdivision or subdivisions thereof, for use as a roadway for vehicles of all kinds pedestrians and animals, for water, gas, oil and sewer pipe lines and for telephone, television services, electric light and power lines, over under and upon parcels 1 and 0 as shown on the map of subdivision 7091, filed April 26,1991, in map book 356, page 25, Contra County Records.

APN: 367-230-018-7

**EXHIBIT B**

**Real Property Located at 14 Goree Court, Martinez, California**

Portions of lot 14 as designated on the map entitled "Goree Tract, Contra Costa County, California" which map was filed in the Office of the Recorder of the County of Contra Costa, State of California, on May 9, 1946, in Volume 29 of Maps at Page 14, described as follows:

Beginning on the northwest line of said lot 141 distant thereon south 26 degrees, 10 minutes west 150 feet from the most northerly corner thereof; thence from said point of beginning south 26 degrees 10 minutes west along said northerly line 50 feet; thence south 63 degrees 47 minutes east, 185 feet to the southeast line of said lot 14; thence north 26 degrees 10 minutes east along said southeast line, 50 feet to a point which bears south 63 degrees 47 minutes west, 185 feet to the point of beginning.

APN:  380-231-010-6

# EXHIBIT C

## Real Property Located at 180 Midhill Road, Martinez, California

The land referred to is situated in the unincorporated area of the County of Contra Costa, State of California, and is described as follows:

Parcel One:

Portion of the Rancho Las Juntas, described as follows:

Beginning on the East line of the 35.72 acre Parcel of land described In the Deed to Louis Viano, et ux, recorded February 2, 1923, Book 432, Deeds, Page 111, at the South line of the Parcel of land described in the Deed to Robert Henry Bragg, recorded June 15, 1949, Book 1401, Official Records, Page 248; thence from said point of beginning North 1° West, along said East line, 165 feet; thence South 88° 43' 30" West, parallel with the South line of said Bragg Parcel (1401 OR 248), to the West line thereof; thence South 4° 47' West, along said West line to the South line of said Bragg Parcel (1401 OR 248); thence North 88° 43' 30" East, along said South line, 541.29 feet to the point of beginning.

Excepting from Parcel One:

That portion lying within the Parcel of land described in the Deed to Henry B. Blake, et ux, recorded May 24, 1965, Book 4874, Official Records, Page 333.

Parcel Two:

Portion of the Rancho Las Juntas, described as follows:

Beginning on the West line of the County Road, known as Midhill Road, at the North line of the 2.75 acre Parcel of land described as Parcel One in the Deed of Trust made by Irwin H. Brooks, et ux, to Trustee for Louis Viano, et ux, recorded May 2, 1949, Book 1380, Official Records, Page 322; thence from said point of beginning along the North and West lines of said 2.75 acre Parcel, South 88° 43' 30" West, 541.29 feet and South 4° 47' West, 41.83 feet; thence North 88° 43' 30" East, parallel with the North line of said 2.75 acre Parcel, 545.51 feet to the West line of said Midhill Road; thence North 1° West, along said West line, 41.60 feet to the point of beginning.

Parcel Three:

Right of Way (not to be Exclusive) as an appurtenance to Parcel Two above, granted in the Deed to Russell F. Whitney, et ux, recorded April 13, 1955, Book 2514, Official Records, Page 183, Contra Costa County Records, as follows:

"A Right of Way (not to be Exclusive) as an appurtenance to Parcel One above, for use as a roadway for vehicles of all kinds, pedestrians and animals, for water, gas, oil and sewer pipe lines, and for telephone, electric light and power lines, together with the necessary poles or

Partial Final Judgment of Forfeiture

conduits to carry said lines over a portion of the Rancho Las Juntas, being a strip of land 20 feet in width, the West line of which is described as follows:

Beginning on the West line of the 2.75 acre Parcel of land described as Parcel One in the Deed of Trust made by Irwin H. Brooks, et ux, to Trustee for Louis Viano, et ux, dated April 19, 1949 and recorded May 2, 1949 in Volume 1380 of Official Records, at Page 322, at the South line of Parcel One above; thence from said point of beginning South 4° 47 West, along said West line, 173.82 feet to the Southwest corner thereof, being on the North line of the County Road known as Midhill Road."

Parcel Four:

"A Right of Way (not to be Exclusive)" created in reference to Parcel Two above, in the Deed to Irwin H. Brooks, et ux, recorded January 11, 1949, Book 1338, Official Records, Page 500, for use as a roadway for vehicles of all kinds, pedestrians and animals, for water, gas, oil and sewer pipe lines, and for telephone, electric light and power lines, together with the necessary poles or conduits to carry said lines over a strip of land 20 feet in width, the West line of which is parallel with and 20 feet Westerly, measured at right angles, from the East line thereof and which East line is described as follows:

Beginning at the Southeast corner of the 15.42-acre Parcel of land described as Parcel One in said Deed to Brooks, 1338 OR 500; thence from said point of beginning North 4° 47 East, along the East line thereof, 215.65 feet.

Excepting therefrom:

The interest conveyed to the County of Contra Costa, by Deed recorded March 1, 1966, Book 5067, Official Records, Page 552.

Parcel Five:

Parcel B, as shown on the Parcel Map filed July 3, 1968 in Book 4 of Parcel Maps, Page 15, Contra Costa County Records.

APN(s): 161-280-005-0 and 161-280-034

**EXHIBIT D**

**Real Property Located at 186 Farm Lane, Martinez, California**

The following described property in the City of Martinez, County of Contra Costa, State of California:

Parcel One:

Unit 93, building 1 as shown on that certain condominium plan, recorded February 7, 1984, Book 11644, Page 83, official records.

Excepting from parcel one:

1.      Easements through said unit appurtenant to the common area and all other units, for support and repair of the common area and all other units.

2.      The right of any portion of the common area to encroach in a non-material way on a unit, as the common area and all units are shown on the condominium plan, whether such encroachment exists by reason of original construction or because of the repair, restoration, reconstruction shifting, settlement or movement of any unit or the common area.

Parcel Two:

An undivided 7.458 percent interest in and to lot 1 as shown on the map of subdivision 5606 filed March 24,1983, Map Book 268, Page 32, Contra Costa county records.

Excepting from parcel two:

1.      Units 86 through 99, inclusive, as shown on that certain condominium plan recorded February 7, 1984, Book 11644, Page 83, official records, and re-recorded May 18, 1984, Book 11796, Page 76, official records.
2.      Easements of other owners for ingress, egress, use and enjoyment and support and repair over, in, to and throughout the common area.
3.      An exclusive easement of other owners for patio, balcony and covered parking spaces and air conditioning machinery and equipment, as shown on the condominium plan.
4.      The right of the country village owners association to control the use of and to charge reasonable admission and other fees for the use of any unassigned covered parking or storage spaces and any recreational facility situated on the common area and to assign, from time to time, exclusive rights to such unassigned parking and storage spaces.
5.      A nonexclusive easement in gross for the benefit of the country village condominium owners association for ingress and egress over, in, to and throughout the common area.
6.      A nonexclusive easement for ingress, egress, use and enjoyment over, in, to and throughout the common area for the benefit of owners in those portions of the property outside the boundaries of the condominium plan and which are subject to annexation in accordance with the provisions of the declaration; the enjoyment of which easement is conditioned on completion of units within such portion of the property and the annexation thereof as part of the condominium development in accordance with the declaration. this easement shall automatically

13

terminate and cease to exist as to any land that has not been so annexed if grantor fails to record a supplemental declaration of covenants, conditions and restrictions for such land in accordance with the declaration before the tenth (10th) anniversary of the recordation if the declaration; or if grantor records with respect to such land a written instrument stating that grantor has no intent to annex such land to the condominium development.

7.     The right to any portion of the common area to encroach in a non-material way on a unit and the right of any portion of a unit to encroach in a non-material way on the common area, as the common area and the units are shown on the condominium plan, whether such encroachment exists by reason of original construction or because of the repair, restoration, reconstruction, shifting, settlement or movement of any unit or the common area.

Parcel Three:

A nonexclusive easement appurtenant to parcel one, in common with other owners, over, in, to and throughout the recreational area, landscaped area walkways, streets, passageways and other unenclosed area in the common area for the purposes for the use and enjoyment of this easement shall be limited so as not to interfere with exclusive easements over the common area which are appurtenant to other units.

Parcel Four:

A non-exclusive easement appurtenant to parcel one, in common with other owners, over, in, to and throughout the common area for support and repair of parcel one.

Parcel Five:

An exclusive easement for use, occupancy and possession of Balcony No. 93-B as shown on the condominium plan

Parcel Six:

An exclusive easement appurtenant to parcel one for Carport No C-40 for parking of one motor vehicles, storage of personal property in the locker located within the easement area and such other purposes as may be permitted by the declaration.

Parcel Seven:

An easement appurtenant to parcel one over a portion of the common area for the placement, maintenance and repair of air conditioning machinery and equipment in those locations marked "A/C" as shown on the condominium plan.

The easement includes the right of the owner to install, maintain and repair conduit over the most practical route from parcel one to the air conditioning machinery and equipment located in the common area.

14

Parcel Eight:

A nonexclusive easement appurtenant to parcel one, in common with other owners, for ingress, egress, use and enjoyment, over, in, to and throughout the common areas (as such easement is

described in section 4.03 of the declaration) in those portions of the property outside the boundaries of the condominium plan: (I) which have been annexed to the condominium development or, (II) which are subject to being annexed in accordance with the provisions of the declaration. The use and enjoyment of the easement is conditioned on construction of improvements in any such common areas and issuance of any permits for occupancy as may be required by applicable governmental agencies. The precise location of such common areas as to land not yet annexed shall become fixed at the time of the recording of the condominium plan for such portion of the property. this easement shall automatically terminate and cease to exists as to any land that has not been annexed to the condominium development if; (I) Grantor fails to record a supplemental declaration of covenants, conditions and restrictions for such land in accordance with the declaration before April 13, 1992; or (II) If grantor records with respect to such land a wri1ten instrument stating that grantor has no intent to annex such land to the condominium development.

APN: 377-280-041-7

Partial Final Judgment of Forfeiture

**EXHIBIT E**

**Real Property Located at 315 Summerhill Lane, Martinez, California**

The following described property in the City of Martinez, County of Contra Costa, State of California:

Parcel One:

Lot 17, as shown on the Map of Subdivision 6443, Filed July 25, 1989, in Book 335 of Maps, Page 29 Contra Costa County Records.

Reserving therefrom:

A right of way (not to be exclusive) as an appurtenance to the remaining lands of the grantor, and any subdivision or subdivisions thereof, for use as a roadway for vehicles of all kinds, pedestrians and animals, for water, gas, oil and sewer pipe lines and for telephone, electric light and power lines, together with the necessary poles or underground conduits to carry said lines, over, under and upon those portions of said land designated as "Private Road" on the filed Map.

Parcel Two:

An easement created in reference to the premises in the deed from George Lewellen, et ux, to Alhambra Valley II, Recorded October 12, 1977, in Book 8544 of Official Records, Page 672, as follows:

An easement (not to be exclusive) as an appurtenance to the lands of the grantee herein for use as a roadway and for all utility facilities and the rights incidental thereto over:

That portion of the seconds 60 feet strip dedicated to contra costa county designated on Parcel Map (M.S. 123-73) filed January 7, 1975 in Book 36 of Parcel Maps, Page 32, Contra Costa County Records, and is described in the offer of dedication recorded January 20, 1975 in Book 7413 of Official Records, Page 463.

Parcel Three:

A non-exclusive easement for roadway for vehicles of all kinds, pedestrians and animals, for water, gas, oil and sewer pipe lines and for telephone, television service, electric light and power lines, together with the necessary poles or conduits over a portion of the Rancho Del Pinole, being over the following described strip of land:

A strip of land 60 feet in width, the northeasterly and southeasterly line of which is described as follows:

Commencing on the north line of the 14.85 acre parcel of land described in the deed to hazel Lawton Shurtleff, recorded August 6, 1946, Book 924 of official records, Page 291, at the most southerly corner of the parcel of land described in the deed to Edward Francis Collins, et ux, recorded December 9, 1963, Book 4507 of official records, Page 510; thence from said point of commencement along the north line of said Shurtleff parcel as follows: south 41 degrees 52 minutes 50 seconds east, 25.35 feet; south 62 degrees 55 minutes 50 seconds east, 229.4 feet and south 72 degrees 33 minutes 10 seconds east, 86.27 feet; thence north 17 degrees 57 minutes 40 seconds east leaving said north line; 168.99 feet; thence south 72 degrees 02 minutes 20 seconds east, 84.71 feet; thence north 69degrees 38 minutes 15 seconds east, 83.48 feet; thence north 0 degrees 18 minutes 41 seconds west, 70.50 feet; thence south 85 degrees 46 minutes 48 seconds

16

east, 204.87 feet; thence north 34 degrees 21 minutes 20 seconds east, 60 feet to the actual point of beginning of the herein described line; thence from said point of beginning south 55 degrees 38 minutes 40 seconds east, 133.11 feet; thence southeasterly along the arc of a curve to the right with a radius of 280 feet, tangent to the last course, through a central angle of 56 degrees 45 minutes an arc distance of 277.34 feet; thence south 1 degrees 06 minutes 20 seconds west, 424.13 feet to the north line of Alhambra Valley Road as widened by deed to Contra Costa County, a Political Subdivision, Recorded January 20, 1975 in Book 7413 of Official Records, Page 455.

Excepting Therefrom:

That portion of said parcel three, which lies outside the lines of Parcel "B" of parcel map MS #123-73 Filed January 7, 1975 in Book 36, Page 32 of Parcel Maps, Contra Costa County Records.

Parcel Four:

A right as created in reference to the premises in the deed from Alhambra Valley II, to Aldo Rocca, et ux, recorded November 28119771 in book 8605 of official records, Page 978, over a portion of parcel "A" as shown on the parcel map filed October 12, 1977 in Book 58 of Parcel Maps, Page 26, as follows:

A Right of Way (not to be exclusive) as an appurtenance to the remaining lands of the grantor for use as a roadway for vehicles of all kinds, pedestrians and animals, and as a Right of Way for water, gas, oil and sewer pipe lines, and for telephone, electric light and power lines, together with the necessary poles or conduits to carry said lines over that portion of the premises shown as "area dedicated to Contra Costa County, Book 7413 of official records, Page 460."

Parcel Five:

An easement granted in the deed to Alhambra Valley Ranch, Inc. recorded October 29, 1986 in Book 13222, Page 225, Official Records, as follows:

An easement (not to be exclusive) as an appurtenance to parcel "B" as shown on the map of subdivision MS 207-76, filed October 12, 1977, in Book 58 of Parcel Maps, at Page 6, Contra Costa County Records, for use as a roadway for all utility facilities together with the rights incidental thereto over a portion of Parcel "A" as shown on the map of subdivision MS 123-73, filed January 1, 1975, in Book 36 of Parcel Maps, at Page 32, Contra Costa County Records, described as follows: commencing at the southwest corner of Parcel "B" as shown on the parcel map of subdivision MS 207-76, filed October 12, 1977 in Book 58 of Parcel Maps, at Page 26, Contra Costa County Records; thence from said point of commencement along the exterior line of said Parcel "B" (58 pm 26) south 62 degrees 02 minutes 30 seconds east, 516.73 feet, and south 59 degrees 39 minutes 00 seconds east, 142.13 feet, to a point on the common line between said Parcel "B" and Parcel "A" as shown on the map of minor subdivision 123-73 filed in book 36 of parcel maps at page 32; thence north 17 degrees 51 minutes 20 seconds east, along said common line 200 feet to the true point of beginning; thence continuing along said common line, north 17 degrees 51 minutes 20 seconds east 457.96 feet and south 83 degrees 33 minutes 00 seconds east, 119.56 feet; thence south 9 degrees 20 minutes 12 seconds west, 52.00 feet; thence south 81 degrees 57 minutes 24 seconds west, 41.48 feet; thence southwesterly along the arc of a curve to the right with a radius of 300 feet to the center of which bears north 64 degrees 27 minutes 27 seconds west, through a central angle of 10 degrees 18 minutes 47 seconds an arc distance of 60.00 feet; thence south 35 degrees 51 minutes 20 seconds west, 60.00 feet; thence southerly along the arc of a curve to the left with a radius of 200 feet, tangent to the last course, through a central angle of 30 degrees 00 minutes 00 seconds an arc distance of 104.72 feet; thence south 5 degrees 51 minutes 20 seconds west, 141.96; thence south 71 degrees 17 minutes 59 seconds west, 101.03 feet to the point of beginning.

17

Parcel Six:

A right of way (not to be exclusive) as an appurtenance to parcel one above, and any subdivision or subdivisions thereof, for use as a roadway for vehicles of all kinds, pedestrians and animals, for water, gas, oil and sewer pipe lines, and for telephone, electric light and power lines, together with the necessary poles or underground conduits to carry said lines, over, under and upon those portions of said subdivision 6443 (335 M 29) designated as "Private Road" on the filed Map.

APN: 367-240-008-6

18

**EXHIBIT F**

**Real Property Located at 815 Sunset Drive, Antioch, California**

Parcels A and B, as shown on Parcel Map M.S. 15-76, filed April 18, 1977, Map Book     54, Page 5, Contra Costa County Records.

APN: 068-100-044-4

# EXHIBIT G

## Real Property Located at 1062 Mohr Lane, Unit C, Concord, California

The land referred to herein is situated in the city of Concord, County of Contra Costa, State of California, and is described as follows:

Parcel A:
Unit 3 of Lot No. 1 of Tract No. 3864, "Del Rio", as shown on the map thereof, filed for record on July 16, 1969, in Book 127 of Maps, Page 12, Contra Costa County records, as shown on exhibit "A", attached to the condominium plan, recorded October 7, 1969, in Book 5977, at Page 372, official records of Contra Costa County, and as defined in the declaration of restrictions (enabling declarant establishing a plan for condominium ownership of Tract No. 3864 Del Rio), recorded October 9, 1969, in Book 5979, at Page 152, Official Records of Contra Costa County.

Parcel B:
An undivided 1/4 interest in the "limited common area" of lot no. 1, as shown on exhibit "A" aforesaid and as defined in the declaration of restrictions, being all of such lot no. 1 and the improvements thereof, except for the units.

Parcel C:
An undivided 1/228th interest in the "common area", as shown on said exhibit "A" and as described in such restrictions, being parcel A, as shown on such exhibit "A" and the improvements thereof.

Excepting from parcel C above: that portion thereof described in the deed to Robert Cullen, Et Ux, Recorded October 9, 1969, Book 5979, Official Records, Page 149.

Excepting from Parcels B and C above:
That portion lying within the parcel of land described as parcel on in the deed to McGah and Bailey, a partnership, recorded January, 1969, Book 5987, Official Records, Page 427.
Rights reserved in the deed from Robert Cullen, Et Ux, Recorded January 9, 1969, Book 5987, Official Records, Page 427, as follows:

"All minerals, oil, other hydrocarbons, gas and all associated substances existing in or on said real property together with the right to explore, drill for, extract, take from, remove and dispose of all or any of all said minerals, oil, other hydrocarbons, gas and all associated substances from said real property, below a depth of Five Hundred (500) feet from the surface thereof, by wells, equipment and means located on the surface thereof, by wells, equipment and means located on the surface of adjacent land and extended into said real property herein conveyed and hereinabove described at a point or points below a depth of five hundred (500) feet from the surface of said "real property."

APN: 147-401-003-8

Partial Final Judgment of Forfeiture

# EXHIBIT H

## Real Property Located at 4021 Pike Lane, Concord, California

All of the land situated in the City of Concord, County of Contra Costa, State of California, and is described as follows:

A portion of Lot "A", as said Lot "A" is shown and so designated on that certain parcel map filed August 16, 1983, Book 106 of Parcel Maps, Page 50, Contra Costa County Records, more particularly described as follows:

Beginning at the southwestern corner of said Lot "A" (106 PM 50); thence from said point of beginning along the western line of said Lot "A" (106 PM 50) north 19° 57' 47" west, 363.87 feet; thence leaving said western line north 70° 02' 13" east, 208.50 feet; thence south 19° 57' 47" east, 25.50 feet; thence north 70° 02' 13" east, 53.50 feet to a point on the eastern line of said Lot "A" (106 PM 50); thence along said eastern line south 19° 57' 47" east; 305.60 feet; thence continuing along said eastern line along an arc of a tangent 30.00 foot radius curve to the right, through a central angle of 90° 3T 53", an arc length of 47.45 feet; thence along the southern line of said Lot "A" (106 PM 50) along a reverse tangent 5038.38 foot radius curve to the left, from which the center of said curve bears south 19° 19' 54" east, through a central angle of 02° 38' 06", an arc length of 231.71 feet to said point of beginning.

APN: 159-382-012-7

21

**EXHIBIT I**

**Real Property Located at 4800 Blum Road, Unit 1, Martinez, California**

The land referred to herein below is situated in the county of Contra Costa, state of California, and is described as follows:

Parcel One:
Unit I of Tract 5962, filed July 26, 1980, Map Book 255, Page 5, Contra Costa County records, as said unit is shown on the condominium plan attached to and made a part of the declaration of restriction recorded June 23, 1982, Book 10825, Page 15, Contra Costa County records.

Parcel two:
An undivided 1/13th interest, as tenants in common, in and to the common area, as said common area is shown on said condominium plan.

Parcel Three:
Together with the following easements:
An exclusive easement to use balcony/balconies appurtenant to said unit, as shown on said condominium plan.

An exclusive easement to use Garage Stall Nos C-1 and C-1, as shown on said condominium plan.

Parcel Four:
Together with non-exclusive easements through each unit and garage stall for support and repair of the common area and other units.

APN: 159-400-001-8

**EXHIBIT J**

**Real Property Located at 4808 Blum Road, Unit 2, Martinez, California**

The following described property in the unincorporated area of the County of Contra Costa, State of California:

Parcel One:

Unit 3, of Tract 5962 filed July 26, 1980, Map Book 255, Page 5, Contra Costa County Records, as said unit is shown on the condominium plan attached to and made a part of the declaration of restrictions recorded June 23, 1982, Book 10825, Page 151 Contra Costa County Records.

Excepting Therefrom:
Easements through said unit appurtenant to the common area and all other units, for support and repair of the common area and all other units.

Parcel Two:

An undivided 1/13th interest as tenants in common in and to the common area, as said common area is shown on said condominium plan.

Excepting and reserving therefrom:
Non-exclusive easements appurtenant to all other units for support and repair of the said common area and other units and; exclusive easements appurtenant to the other units for use of balconies and garages as shown on said attached condominium plan.

Parcel Three:

Together with the following appurtenant easements:
An exclusive easement to use balcony/balconies appurtenant to said unit as shown on said condominium plan.
An exclusive easement to use garage stall nos. C-3 and C-3 as shown on said condominium plan.
Excepting and reserving therefrom:
Non-exclusive easements herein described as parcel 4.

Parcel Four:

Together with non-exclusive easements through each unit and garage stall for support and repair of the common area and other units.
The following described property in the City of Martinez, County of Contra Costa, State of California:

A condominium comprised of:
Parcel One:
Unit 6, Map of Tract 5962, filed July 28, 1980, in Map Book 255, Page 5, Contra Costa County Records, as said unit is shown on the condominium plan attached to and made a part of the declaration of restrictions recorded June 23, 1982, Book 10825, Page 15, Contra Costa County Records.

Excepting Therefrom:
Easements through said unit appurtenant to the common area and all other units, for support and repair of the common area and all other units.

Parcel Two:
An undivided 1/13th interest as tenants in common in and to the common area, as said common area is shown on said condominium plan.

Excepting therefrom:

Partial Final Judgment of Forfeiture

1.      Non-exclusive easements appurtenant to all other units for support and repair of the said common area and other units and;
2.      Exclusive easements appurtenant to the other units for use of balconies and garages as shown on said attached condominium plan.

Parcel Three:
Together with the following appurtenant easements:
1.      An exclusive easement to use balcony/balconies appurtenant to said unit as shown on said condominium plan.
2.      An exclusive easement to use Garage Stall No. C-6, as shown on said condominium plan

Excepting therefrom:
Non-exclusive easements herein described as parcel 4

Parcel Four:
Together with non-exclusive easements through each unit and garage stall for support and repair of the common area and other units.

APN: 159-400-002-6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT K**

**Real Property Located at 2750 Maxwell Way, Fairfield, California**

The land referred to herein below is situated City of Fairfield, in the County of Solano, state of California, and is described as follows:

Lot 2, as shown on the map entitled: " parcel map, being a subdivision of Lot 1, as shown on that certain parcel map recorded May 23, 1980 in Book 20 of parcel maps at Page 47, official records, Solano County", filed in the office of the recorder of Solano County, California on August 18, 1981 in Book 22 of parcel maps, at Page 61.

Excepting therefrom all oil, gas, hydrocarbon substances and minerals of every kind and character lying more than 100 feet below the surface of said land, together with the right to drill into, through and to use and occupy all or any part of said land lying more than 100 feet below the surface thereof for any and all purposes incidental to the exploration for and production of oil, gas, hydrocarbon substances or minerals from said land or other lands, but without, however any right to use either the surface of said land or any portion of said land within 100 feet of the surface for any purpose or purposes whatsoever, as excepted in the deed from Busch Properties, Inc. to Western Realco, a California Corporation, recorded August 20, 1981 as Instrument No. 61477, at Page 35481.

APN: 028-230-150

Partial Final Judgment of Forfeiture

**EXHIBIT L**

**Real Property Located at 84 Carolina Cherry Drive, Las Vegas, Nevada**

Lot Eighty (80) of Masters at SHGC - Unit 2, as shown by Map thereof on file in Book 139 of Plats, Page 61 in the Office of the County Recorder of Clark County, Nevada.

Together with a non-exclusive easement, appurtenant respectively thereto, of ingress and egress over and across the main entry area and private streets therein, and a non-exclusive easement of use and enjoyment of the other common elements thereof (subject to and as set forth in the declaration of covenants, conditions and restrictions and reservation of easements for the masters collection recorded May 3, 2013 in Book 20130503 as Document No. 270, as the same from time to time may be amended and/or supplemented by instrument recorded in the office of the County Recorder of Clark County, Nevada.

APN: 191-07-510-061

Partial Final Judgment of Forfeiture

**EXHIBIT M**

**Real Property Located at 473-475-477 E. Channel Road, Benicia, California**

Parcel 1:

Portion of Lot 17, as designated on the Map entitled "Map of Floraland Tract Subdivision" which Map was filed in the office of the Recorder of the County of Contra Costa, State of California, on July 19, 1913 in Volume 10 of Maps, at Page 241, described as follows:

Beginning on the West line of the Parcel of land described as Parcel One in the deed from Charles Kaski, et ux, to Elmira May Cox, et al, dated October 18, 1947 and recorded November 28, 1047 in Volume 1151 of Official Records, at Page 311, distant thereon South 1° 38' East, 100 feet from the South line of the Parcel of land described as Parcel One in the Deed of Trust made by Charles Kaski, et ux, to Trustee for Robert A. Holmes, et ux, dated May 19, 1948 and recorded June 4, 1948 in Volume 1286 of Official Records, at Page 487; thence from said point of beginning North 1° 38' West, along said West line 100 feet to the Southline to the Parcel of land described in said Deed of Trust; thence North 89° 40' East, along said Southline, 102.5 feet to the East line of said Elmira May Cox Parcel (1151 or 311); thence South 1° 38' East, along said East line, 100 feet to a portion which bears North 89° 40' East from the point of beginning; thence South 89° 40' West, 102.5 feet to the point of beginning.

Parcel 2:

A right of way (not to be exclusive) as an appurtenance to Parcel one above, for use as a roadway for vehicles of all kinds, pedestrians, and animals, for water, gas, oil and sewer pipe lines, and for telephone, electric light and power lines, together with the necessary poles or conduits to carry said lines over a strip of land 25 feet in width the center line of which is described as follows:

Beginning at a 2 inch by 2 inch Hub at the Northwest corner of the Parcel of land described as Parcel One in the deed from Charles Kaski, et ux, to Elmira Way Cox, et al, dated October 18, 1947 and recorded November 28, 1947 in Volume 1161 of Official Records, at Page 311; thence from said point of beginning, along the West line of said Cox Parcel as follows: South 1° 38' East, 224.61 feet; Southerly along the arc of a curve to the left with a radius of 40 feet, tangent to the last mentioned course, 31.31 feet; South 48° 29' East, tangent to said curve, 17.45 feet; Southerly along the arc of a curve to the right with a radius of 50 feet, tangent to the last course, 39.14 feet and South 1° 38' East, 126.94 feet to a nail set in the center line of a County Road.

Excepting from Parcel Two.

That portion thereof lying within Parcel One above.

The interest conveyed to County of Contra Costa by deed from Stephen Dawning, et al, dated January 21, 1918 and recorded January 23, 1918 in Volume 315 of Deeds, at Pages 6.

APN: 185-360-016-9

**EXHIBIT N**

**Real Property Located at Lot 51-80 Park Road, Benicia, California**

PARCEL ONE:

PARCEL B AS SHOWN ON THE PARCEL MAP RECORDED DECEMBER 15, 2016 IN BOOK 51 OF PARCEL MAPS AT PAGES 80-81, SOLANO COUNTY RECORDS.

PARCEL TWO (EASEMENT PARCEL):

A NON EXCLUSIVE PRIVATE STORM DRAIN EASEMENT FOR STORM DRAINAGE FACILITIES, LINES, VALVES, VAULTS, STRUCTURES, LANDSCAPING, AND OTHER APPURTENANCES, INCLUDING REASONABLE RIGHTS OF ACCESS THERETO FOR CONSTRUCTION AND MAINTENANCE OF FACILITIES OVER THE FOLLOWING:

A PORTION OF PARCEL A AS SHOWN ON THE PARCEL MAP RECORDED DECEMBER 15, 2016 IN BOOK 51 OF PARCEL MAPS AT PAGES 80-81, SOLANO COUNTY RECORDS MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID REFERENCED PARCEL A, BEING AT THE SOUTHERLY TERMINUS OF THE COURSE THAT BEARS N57°41'05"W 591.00', BEING A POINT ON THE GENERAL NORTHWESTERLY RIGHT OF WAY LINE OF PARK ROAD, AND SAID POINT BEING A POINT ON A CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 1178.00'; THENCE SOUTHWESTERLY ALONG THE CURVE 70.08' THROUGH A CENTRAL ANGLE OF 3°24'31"; THENCE S35°36'48"W 15.00'; THENCE N54°23'12"W 20.00'; THENCE N34°07'27"E 78.91' TO A POINT ON THE GENERAL NORTHEASTERLY LINE OF SAID REFERENCED PARCEL A; THENCE S57°41'45"E 20.00' TO THE POINT OF BEGINNING.

APN: 0080-060-420